**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **NICOLAS BAUTISTA MORA, both** | § | |
| **individually, and on behalf of those** | § | |
| **similarly situated,** | § | |
| **Plaintiff,** | § | |
| **V.** | § | **A-23-CV-557-RP** |
| | § | |
| **DJR, INC. D/B/ A ENCORE** | § | |
| **MECHANICAL, DALE REEVES AND** | § | |
| **TAMMI DANIELSON,** | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court is Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55 (Dkt. 18).[1] Defendants did not file a response. After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned recommends the District Court deny the motion without prejudice to refiling.

### I. BACKGROUND

Plaintiff, Nicolas Bautista Mora brought this combined Rule 23 class action and Fair Labor Standards Act collective action against Defendants DJR, Inc. d/b/a Encore Mechanical. ("DJR"), Dale Reeves ("Reeves"), and Tammi Danielson ("Danielson") to recover unpaid overtime wages owed to him and all other similarly situated workers employed by DJR, Reeves, and Danielson. Dkt. 1 (Compl.) ¶ 1. All defendants were served, Dkt. 6, 7, 8, but none answered.

---

[1] The motion was referred by United States District Judge Robert Pitman to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text Order dated April 1, 2024.

Plaintiff now moves for default judgment against DJR and Reeves as to his individual claims only. Dkt. 18. Plaintiff seeks $16,597.28 in unpaid overtime wages, $16,597.28 in liquidated damages, and $3,890.00 in attorneys' fees and costs. *Id*. Defendants did not respond to the motion.

## II.    STANDARD FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b)(2) governs the entry of a default judgment by a court. *See* FED. R. CIV. P. 55(b)(2).  In the Fifth Circuit, three steps are required when obtaining a default judgment: (1) default by the defendant, FED. R. CIV. P. 55(a); (2) entry of default by the Clerk's Office, FED. R. CIV. P. 55(a); and (3) entry of a default judgment by the district court, FED. R. CIV. P. 55(b); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Additionally, in order to obtain a default judgment, the movant must establish that the defendant is neither a minor nor an incompetent person, and that the defendant is not in military service. 50 U.S.C. § 3931; *Bank of New York Mellon Tr. Co., N.A. v. Hancock*, 5:19-CV-270-H-BQ, 2020 WL 2989023, at *2 (N.D. Tex. June 4, 2020). Where a defendant has defaulted, the factual allegations in the complaint are taken as true, except regarding damages. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n.29 (5th Cir. 2002).

"Default judgments are a drastic remedy" and thus are "resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (default is not treated as an absolute confession by defendant of liability and of plaintiff's right to recover). A court must accept pleaded facts as true, but must also determine whether those facts state a claim

upon which relief may be granted. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (affirming district court's denial of entry of default judgment because, even if true, plaintiff's allegations would not support imposing liability against defendants).

Courts use a three-part test to determine when to enter a default judgment. The court first considers whether the entry of default judgment is procedurally warranted. *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *2 (W.D. Tex. May 25, 2018); *Nasufi v. King Cable Inc.*, No. 3:15-CV-3273-B, 2017 WL 6497762, at *1 (N.D. Tex. Dec. 19, 2017) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Fifth Circuit has set forth six factors for a court to consider in determining whether a default judgment is procedurally proper: "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *United States v. Padron*, 7:17-CV-00009, 2017 WL 2060308, at *2 (S.D. Tex. May 12, 2017); *see Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Next, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citing *Nishimatsu*, 515 F.2d at 1206). In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *See Rod Riordan Inc.*, 2018 WL 2392559, at *3.

Finally, the court determines what form of relief, if any, the plaintiff should receive. *Id*. While damages are normally not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts, if the amount of damages can be determined with

mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

## III.  ANALYSIS

Reeves is an individual, who was Plaintiff's "head boss" at DJR with the power to hire and fire employees. Compl. ¶ 16. As such, the court understands Reeves is not a minor or incompetent person. Plaintiff asserts Reeves is not in military service based on these facts. Dkt. 18 at 11. However, Plaintiff did not check Reeves's military status on the Defense Manpower Data Center website, *id.*, and Plaintiff's employment ended in March 2023, Compl. ¶ 11. As it appears Plaintiff's last knowledge of Reeves is over a year old, the court is not sufficiently satisfied that Reeves is not in military service. Accordingly, undersigned finds default is not proper as to Reeves.

DJR is a corporation organized under the laws of Texas, Compl. at ¶ 6, and is therefore not a minor, incompetent person, or in military service.  The Clerk of Court has entered default against DJR. Dkt. 12.

Considering the relevant factors, default is procedurally warranted.  *See Lindsey*, 161 F.3d at 893. No material facts appear to be at issue, there is no substantial prejudice that warrants against entering default, grounds for default are clearly established, there is no indication default was caused by good faith mistake or excusable neglect, default is not overly harsh, and there is no apparent reason that default would need to be set aside. *Id.*

Taking all well-pleaded facts as true, Plaintiff has stated viable claims against DJR. However, Plaintiff has not sufficiently substantiated the relief he seeks. He states he worked for DJR from 2011 and 2023 and was never paid time-and-a-half wages for overtime work. Compl. ¶ 11; Dkt. 18 at 5. In his declaration supporting his entitlement to $16,597.28 in unpaid wages, he cites to an Exhibit A to prove up his unpaid wages, but that exhibit is not attached to the filing. *See* Dkt. 18 at 5, ¶ 6. Accordingly, while Plaintiff has shown he is entitled to default judgment as to DJR, Plaintiff has not shown his entitlement as to damages.

As Plaintiff has not shown his entitled to default judgment as to Reeves or his entitlement as to damages with respect to DJR, the undersigned recommend the motion be denied without prejudice to refiling to address these issues.

## IV.   RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55 (Dkt. 18) be **DENIED WITHOUT PREJUDICE**.

## V.   OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED May 14, 2024,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE