IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NICOLAS BAUTISTA MORA, both individually, and on behalf of those similarly situated,<br>    Plaintiff,<br>V.<br><br>DJR, INC. D/B/ A ENCORE MECHANICAL, DALE REEVES AND TAMMI DANIELSON,<br>    Defendants. | §<br>§<br>§<br>§<br>§  A-23-CV-557-RP<br>§<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

  Before the court is Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55 (Dkt. 23).[1] Defendants did not file a response. After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned recommends the District Court deny the motion without prejudice to refiling.

**I. BACKGROUND**

  Plaintiff, Nicolas Bautista Mora originally brought this combined Rule 23 class action and Fair Labor Standards Act collective action against Defendants DJR, Inc. d/b/a Encore Mechanical. ("DJR"), Dale Reeves ("Reeves"), and Tammi Danielson ("Danielson") to recover unpaid overtime wages owed to him and all other similarly situated workers employed by DJR, Reeves, and Danielson. Dkt. 1 (Compl.) ¶ 1. All defendants were served, Dkt. 6, 7, 8, but none answered.

---

[1] The motion was referred by United States District Judge Robert Pitman to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text Order dated May 28, 2024.

Plaintiff has since indicated he is only proceeding with his individual claims. Dkt. 19. Plaintiff has also voluntarily dismissed Reeves and Danielson. Dkts. 21, 22.

Plaintiff now moves for default judgment against DJR. Dkt. 23. Plaintiff seeks $33,194.56 (representing unpaid wages and liquidated damages) and $3,890.00 in attorneys' fees and costs 29 USC § 216(b) of the Fair Labor Standards Act. *Id*. DJR did not respond to the motion.

## II.   STANDARD FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b)(2) governs the entry of a default judgment by a court. *See* FED. R. CIV. P. 55(b)(2). In the Fifth Circuit, three steps are required when obtaining a default judgment: (1) default by the defendant, FED. R. CIV. P. 55(a); (2) entry of default by the Clerk's Office, FED. R. CIV. P. 55(a); and (3) entry of a default judgment by the district court, FED. R. CIV. P. 55(b); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Additionally, in order to obtain a default judgment, the movant must establish that the defendant is neither a minor nor an incompetent person, and that the defendant is not in military service. 50 U.S.C. § 3931; *Bank of New York Mellon Tr. Co., N.A. v. Hancock*, 5:19-CV-270-H-BQ, 2020 WL 2989023, at *2 (N.D. Tex. June 4, 2020). Where a defendant has defaulted, the factual allegations in the complaint are taken as true, except regarding damages. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n.29 (5th Cir. 2002).

"Default judgments are a drastic remedy" and thus are "resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (default is not treated as an absolute confession by defendant of liability and of plaintiff's right to recover). A

court must accept pleaded facts as true, but must also determine whether those facts state a claim upon which relief may be granted. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (affirming district court's denial of entry of default judgment because, even if true, plaintiff's allegations would not support imposing liability against defendants).

Courts use a three-part test to determine when to enter a default judgment. The court first considers whether the entry of default judgment is procedurally warranted. *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *2 (W.D. Tex. May 25, 2018); *Nasufi v. King Cable Inc.*, No. 3:15-CV-3273-B, 2017 WL 6497762, at *1 (N.D. Tex. Dec. 19, 2017) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Fifth Circuit has set forth six factors for a court to consider in determining whether a default judgment is procedurally proper: "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *United States v. Padron*, 7:17-CV-00009, 2017 WL 2060308, at *2 (S.D. Tex. May 12, 2017); *see Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Next, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citing *Nishimatsu*, 515 F.2d at 1206). In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *See Rod Riordan Inc.*, 2018 WL 2392559, at *3.

Finally, the court determines what form of relief, if any, the plaintiff should receive. *Id*. While damages are normally not to be awarded without a hearing or a demonstration by detailed

3

affidavits establishing the necessary facts, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

### III.  ANALYSIS

DJR is a corporation organized under the laws of Texas, Compl. at ¶ 6, and is therefore not a minor, incompetent person, or in military service.  The Clerk of Court has entered default against DJR. Dkt. 12.

Considering the relevant factors, default is procedurally warranted.  *See Lindsey*, 161 F.3d at 893. No material facts appear to be at issue, there is no substantial prejudice that warrants against entering default, grounds for default are clearly established, there is no indication default was caused by good faith mistake or excusable neglect, default is not overly harsh, and there is no apparent reason that default would need to be set aside. *Id.*

Taking all well-pleaded facts as true, Plaintiff has stated viable claims against DJR. Plaintiffs states he worked for DJR from 2011 and 2023 and was never paid time-and-a-half wages for overtime work. Compl. ¶ 11; Dkt. 23 at 5 (Plaintiff's Affidavit). He states he worked 54 hours per week on average and his regular rate of pay was $16.24 per hour. Dkt. 23 at 5. He further states he was never paid time-and-a-half wages for any hours worked in excess of forty hours per week. *Id.* Plaintiff filed suit on May 22, 2023 and seeks actual and liquidated damages going back to May 24, 2020. Dkt. 1; Dkt. 23 at 7.

Claims under the FLSA, must be filed within two years after the cause of action accrues, or within three years if the alleged violation was "willful." *Ikossi-Anastasiou v. Bd. of Supervisors of Louisiana State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009). In cases of FLSA violations, the FLSA

provides for actual damages in unpaid overtime as well as an "additional equal amount as liquidated damages." *Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013)(quoting 29 U.S.C. § 216(b)). A district court may decline to award liquidated damages if the court finds that the employer acted in good faith and had reasonable grounds to believe that its actions complied with the FLSA. *Id.*; *see Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999) (noting that when an employer does not act in good faith "it would have been an abuse of discretion if the district court had *not* awarded liquidated damages" (emphasis original)).

Plaintiff alleged that DJR's practice of not paying overtime was "widespread, repeated, and consistent." Compl. ¶¶ 24; 35; 41. The court is satisfied that the three-year limitations period should apply and that Plaintiff should receive liquidated damages.

Plaintiff has sufficiently proven his unpaid wages of $16,597.28. Dkt. 23 at 5-9. Accordingly, the court will recommend Plaintiff be awarded $16,597.28 in actual damages and $16,597.28 in liquidated damages, for a total of $33,194.56.

Additionally, Plaintiff's attorney seeks their attorney's fees and costs. Under the FLSA, an employer who violates the statute is also required to pay attorney's fees. *Black*, 732 F.3d at 502; *see* 29 U.S.C. § 216(b) ("The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant. . . ."). This court uses the lodestar method to calculate attorney's fees, by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *Black*, 732 F.3d at 502. There is a strong presumption of the reasonableness of the lodestar amount. *Id*. However, after calculating the lodestar, a district court

may enhance or decrease the amount of attorney's fees based on "the relative weights of the twelve factors set forth in *Johnson*."[2] *Id*.

Plaintiff's attorney seeks $810.00 in costs for filing the Complaint and effecting service. Plaintiff's attorney also seeks his fees of $400 per hour for 7.7 hours of work, totaling $3,080.00. This fee is reasonable, and none of the *Johnson* factors persuade the court that the attorney's fees award should be altered.

## IV.   RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55 (Dkt. 23) be **GRANTED**. Specifically, the undersigned recommends judgment be entered in favor of Plaintiff on his individual claims in the amount of $33,194.56. The undersigned further recommends attorney's fees be awarded to Plaintiff in the amount of $3,080.00 as well as $810.00 in costs.

## V.   OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED August 2, 2024,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE